### Micario Alarcan v. The State.

#### No. 5851.  Decided June 9, 1920.

**1.—Theft—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions to the overruling of an application for continuance. the matter cannot be considered on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial of theft of property over the value of fifty dollars, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Ellis.  Tried below before the Honorable F. L. Hawkins.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for theft of property over the value of fifty dollars.

The application for continuance will not be considered because the record fails to show an exception reserved to the ruling of the court refusing it.  Branch's Ann. P. C., p. 183, for collation of many cases.

It is contended that the evidence is not sufficient to support the conviction:

1.  That the facts do not show the value of the property to be in excess of fifty dollars.  This was a controverted issue upon the trial, defendant introducing such evidence, if the jury believed it, to have authorized the conviction of appellant for the misdemeanor theft. The State's evidence justified the jury in concluding that the property was worth over fifty dollars.  We do not feel justified in reversing a judgment because the jury believed the State's evidence to the exclusion of defendant's testimony where the State's evidence would justify the conclusion of the jury.

2. It is contended the evidence is not sufficient to connect the defendant with the burglary of the house from which the property found in his possession was taken. This is a case of circumstantial evidence. It is uncontroverted that the house was entered and the property taken; that the property taken was in a trunk which was closed and fastened by its owner; that the residents were away from the house for some days, and during their absence the house was entered, the trunk broken and the property taken. About the 25th of December, 1919, appellant carried quite a lot of the stolen property in a suit case to the restaurant of Alberta Perez and left it. This was very early in the morning. Mrs. Perez had just gotten up but her husband was still in bed. This is an uncontroverted fact testified by all the witnesses who testified in regard to the matter, including appellant. Appellant accounted for his possession of the property by testifying and making statements to the same effect, that about eleven or twelve o'clock at night prior to the morning he left the suit case at Perez's restaurant an unknown Mexican came to him, having the grip in possession, and asked him to keep it until he went to and returned from Dallas, which would be about a week; that he took the grip, which contained the stolen property, and early the next morning carried it to the Perez restaurant and left it, and had not gone back to the restaurant from that time until his arrest, which occurred a few days later. He made a statement to the same effect when his possession of it was challenged. He further testified he had never seen the Mexican before and did not know him, and had not seen him since, but that if the Mexican was shown to him he thought he would recognize him. So far as we understand this record appellant made no attempt to get this Mexican, or to show his presence at the time and place or in the town of Ennis where this burglary was committed. He denied entering the house or stealing the goods. Quite a lot of personal property taken was enclosed in the suit case, the suit case itself being part of the stolen property. Some of the goods taken from the house were not recovered  Appellant says he knew nothing of the contents of the grip. Among other things not recovered was a wrist watch. The case summed up seems to thus present itself: A burglary was committed and property stolen. Appellant is found in possession of the property early the next morning; he leaves it at a restaurant without making any statement, but later when challenged says that it was left with him by an unknown Mexican who was leaving the country. We are of opinion this evidence is sufficient to overcome the reasonableness of appellant's explanation; at least that the jury was justified in disbelieving his explanation. We think, under this evidence, this judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*